# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

**FILED**
APR 0 1 2014
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

UNITED STATES OF AMERICA

v.

TIMOTHY EARL WILSON

## CRIMINAL COMPLAINT

CASE NUMBER: 5:14-mj-00018-JLT

(If search warrant is issued regarding this complaint, indicate above the case number assigned.)

I, **Marty R. Willis**, being duly sworn, state the following is true and correct to the best of my knowledge and belief. Since on or about March 2, 2014, in Kern County(ies), in the **Eastern** District of **California, and elsewhere**,

> The defendant did knowingly aim, and aid and abet the aiming of, the beam of a laser pointer at a Kern County Sheriff's Department helicopter, Air 1, in the special aircraft jurisdiction of the United States, and/or at the flight path of said aircraft,

in violation of Title **18**, United States Code, Section(s) **39A and 2**, respectively, with a maximum penalty of **5 years** imprisonment, **and/or a fine of up to $250,000** dollars, and $100 penalty assessment per violation.

I further state that I am a(n) Special U.S. Deputy Marshal, Federal Bureau of Investigation and that this complaint is based on the following facts:

**See** Attached Affidavit.

Continued on the attached sheet and made a part hereof:   **X** Yes   ___ No

_Signature of Complainant_
**Marty R. Willis**

Sworn to before me and subscribed in my presence,

_____2014_____         at       **Bakersfield, California**
(Date)                                          (City and State)

**Jennifer L. Thurston**
U.S. Magistrate Judge

_Signature of Judicial Officer_

## AFFIDAVIT

I, Marty Willis, being duly sworn, do hereby depose and state:

1. I am a deputy sheriff employed by the Kern County Sheriff's Department and have been so employed for approximately 29 years. I am currently assigned to the Federal Bureau of Investigation's (FBI) Joint Terrorism Task Force (JTTF), Bakersfield Residence Agency at Bakersfield, California and have been so assigned for the past 10 years. As part of my tenure with the FBI's JTTF, I have been deputized as a Special Deputy U.S. Marshal, pursuant to Title 28, Federal Code of Regulations, Sections 0.112 and 0.19A, and am charged with the duty of investigating violations of the laws of the United States, as stated in Title 28, Federal Code of Regulations. My responsibilities as a Special U.S. Deputy Marshal include investigating crimes of domestic terrorism to include offenses involving crimes against transportation systems and interference with flight crews.

I have investigated crimes involving laser devices on four separate occasions. On or about September, 1996, while assigned to the Kern County Sheriff's Department Gang Suppression Unit, I was involved in an investigation of a juvenile pointing a red handheld laser at citizens and Kern County Sheriff Deputies attending and working at the Kern County Fair. The laser was confiscated and the Juvenile was arrested for violating California Penal Code section 417.26(a), Laser Scope or Pointer: Aim at Peace Officer.

On or about April 11, 2005, I assisted FBI Special Agent Sean Kaul in a federal investigation involving a red handheld laser device that had been pointed at a Medi-Vac helicopter on approach to land at the Delano Regional Hospital. A federal search warrant was sought, approved and served. The suspect was identified as a juvenile and no federal prosecution was sought.

On or about November, 2007, I was the lead investigator in a federal investigation involving a green hand laser device that was pointed at a Kern County Sheriff's helicopter flying routine patrol in Bakersfield. Two adult suspects were identified, arrested and convicted under Federal statute.

On or about November, 2010, I was the lead investigator in a federal investigation involving a green hand laser device that was pointed at a Kern County Sheriff's helicopter flying routine patrol in Bakersfield. One adult suspect was identified, arrested and convicted under Federal statute.

On or about January, 2013, I was the lead investigator in a federal investigation involving green and violet handheld laser devices that were pointed at a Kern County Sheriff's helicopter flying routine patrol in Bakersfield. One adult suspect was identified, arrested, and charged in this district of violating Title 18, United States Code, Sections 32(a)(5), 32(a)(8), 39A, and 2. This matter is currently pending.

I oversee and maintain a Kern County LASER Threat Working Group, consisting of Kern County and federal law enforcement and aviation employees. I have provided training regarding the dangers of laser devices targeting aircraft.

I have educated myself by reading articles posted on the Internet and a Congressional Research Article dated January 26, 2005, related to laser devices and the effects laser devices can have if exposed to the eyes. I have used handheld laser pointing devices and laser levels used in construction work. I also know there is a requirement for laser devices to have a danger warning label printed and affixed on all laser devices, and operating instructions accompanying laser devices that I have seen or reviewed, including instructions to avoid exposing lasers to eyes as the laser could cause serious injury to the eye.

This Affidavit is based upon my own personal knowledge of the events set forth herein, as well as information provided to me by other law enforcement personnel. The purpose of this affidavit is made to support a complaint charging that TIMOTHY EARL WILSON violated Title 18, United States Code, Section 39A.

Section 39A of Title 18 of the United States Code prohibits knowingly aiming the beam of a laser pointer at an aircraft or its flight path.

2. This affidavit is made to support a complaint charging TIMOTHY EARL WILSON with on or about March 2, 2014, in Kern County, State and Eastern District of California, knowingly aiming the beam of a laser pointer at a Kern County Sheriff's Department helicopter or at its flight path, in violation of Title 18, United States Code, Section 39A.

3. I learned the following from investigation, from interviews of contacts, victims, potential witnesses and/or suspects, and my review of law enforcement reports prepared in this case, and from discussion of this case with assisting agents. I have detailed only the facts that I believe are

necessary and appropriate to establish the probable cause mandatory for an authorization of the arrest of the subject identified hereinafter.

4. On or about March 2, 2014, at approximately 11:50 p.m., a Kern County Sheriff's Department helicopter, Air -1, was flying at 950 feet Mean Sea Level (MSL) and 500 feet above ground level (AGL) during routine patrol in Bakersfield, California. The aircraft was on routine patrol with a crew of two and was heading in a southerly direction, toward Highway 58, from the area of California and Union Avenues, when struck by a green laser. The source of the laser was located to the southwest of the helicopter's position, later determined to be XXXX 4th Street, Bakersfield, California. The visibility was 10 plus miles with overcast atmospheric conditions. Deputy Pilot John McAdoo (hereinafter Deputy McAdoo) and Tactical Flight Observer/Deputy Jeremy Storar (hereinafter Deputy Storar) observed a green laser strike the aircraft, and the laser never changed colors during their exposure. Deputy McAdoo made an evasive maneuver to avoid the laser and the beam tracked the aircraft. Deputies Storar and McAdoo flew towards the laser's point of origin performing an orbit around the area of the light source. Deputy Storar observed an unknown race, medium build, approximately six-foot-tall male, standing in the front doorway of XXXX 4th Street. While completing its second orbit, the aircraft was hit a second time with a green laser, as the male standing in the door to the residence tracked them with the laser. Deputy Storar said the residence was small with a motorcycle parked on the front grass of the residence. Deputy Storar requested Bakersfield Police Department patrol units to respond to the location and directed patrol, units to the residence. Deputy Storar said by the time the Bakersfield Police Department patrol units arrived, the male subject had gone inside the residence and shut the door. Deputy Storar said the officers attempted to contact any occupant of the residence, but no one answered the door, and there was no sound of movement inside. Deputy Storar stated the laser strikes posed a distraction. Deputy Storar also experienced a feeling of pressure, throbbing, and irritation in his eyes and indicated that it felt like he had sand in his eyes. This sensation lasted for about 30 minutes. Deputy Storar was treated by a workman's compensation physician, details of which are documented in KCSO report SR14-05978. Deputy McAdoo received no injury.

On March 7, 2014, a federal search warrant was sought to search the residence at 1429 4th

3

Street, Bakersfield, California, which was approved and issued by U.S. Magistrate Jennifer L. Thurston, Eastern District of California, Bakersfield, California.

On March 14, 2014, federal agents and local law enforcement officers from the FBI Joint Terrorism Task Force, Bakersfield, Police Department, Kern County Sheriff's Office and California Highway Patrol served the search warrant at XXXX 4th Street, Bakersfield. As agents attempted to giver knock and notice, TIMOTHY EARL WILSON opened the front door of his residence, observed agents and officers then slammed and locked the door. WILSON eventually opened the door where he was detained. Searching officers located and seized a green laser labeled Class II and a laser box for a different and bigger laser. Also found was a small quantity of crystal methamphetamine, glass pipes, syringes, and a stolen motorcycle belonging to a friend, with the license plate bearing false registration. In addition, during questioning after waiving Miranda, TIMOTHY EARL WILSON admitted traveling to his son's residence in the Lakewood, California area on March 10 through March 11, 2014. During that time, WILSON gave his son, Jacob Wilson, a large green laser pointer, "like the size of a flashlight." WILSON also admitted the laser he gave to his son, was the laser he used to shine at the Kern County Sheriff's helicopter on March 2, 2014.

As a result of WILSON's interview statements, agents were able to contact the Los Angeles Divison FBI office, Long Beach Resident Agency. FBI JTTF Long Beach agents, acting on a request from Bakersfield FBI JTTF, made arrangements to meet with Jacob Wilson at his residence where Jacob Wilson turned over the laser device given to him by his father.

TIMOTHY EARL WILSON was arrested and charged at the state level on drug-related charges and resisting arrest. WILSON is currently out on bail, awaiting a preliminary hearing, scheduled in Kern County Superior Court, Bakersfield, California, on April 2, 2014.

5. Based upon the foregoing, I respectfully submit there is probable cause to believe that TIMOTHY EARL WILSON did knowingly aim the beam of a laser device at an aircraft or its flight path, in violation of Title 18, United States Code, Section 39A.

*Marty R Willis*

MARTY R. WILLIS  
Special U.S. Deputy Marshal,  
Federal Bureau of Investigation

1  SWORN TO BEFORE ME, AND SUBSCRIBED IN MY PRESENCE THIS ____ DAY OF APRIL, 2014.

2  

3  JENNIFER THURSTON
U.S. Magistrate Judge

4

5

6  Reviewed and Approved as to Form this 28th Day of March, 2014

7

8  /s/ Karen A. Escobar
KAREN A. ESCOBAR
Assistant U.S. Attorney

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28